UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC., : | |
| : | |
| Plaintiff, : | Case No. 2:20-cv-1847-BMS |
| : | |
| vs. : | |
| : | |
| GEDEN HOLDINGS LTD.; : | |
| ADVANTAGE TANKERS LLC; and : | |
| ADVANTAGE AWARD SHIPPING LLC, : | |
| : | |
| Defendants. : | |

**ANSWER**

Defendants Geden Holdings Ltd. ("Geden Holdings"), Advantage Tankers LLC ("Advantage Tankers"), and Advantage Award Shipping LLC ("Advantage Award") (collectively "Defendants"), by and through undersigned counsel, answer Plaintiff's complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the complaint.

2. Defendants admit that Geden Holdings was a corporate entity organized under the laws or Malta. Defendants deny that Geden Holdings was registered as a foreign corporation in the State of Pennsylvania at all material times hereto.

3. Defendants admit the allegations contained in the first two sentences of Paragraph 3 of the complaint, but except as specifically admitted, deny the remaining allegations contained in Paragraph 3 of the complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the complaint.

1

5. Defendants admit that Advantage Tankers is a Republic of the Marshall Islands limited liability company, but except as specifically admitted, deny the remaining allegations contained in Paragraph 5 of the complaint.

6. The allegations contained in Paragraph 6 of the complaint are unparticularized allegations that require no response. To the extent that a response is required, and without waiver of any objections, Defendants deny the allegations contained in Paragraph 6 of the complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the complaint.

10. Defendants admit that Plaintiff is a judgment creditor of Geden Holdings having obtained a judgment in the High Court of the United Kingdom in the amount of $3,479,152.69, but except as specifically admitted, deny the remaining allegations contained in Paragraph 10 of the complaint.

11. Defendants admit that Plaintiff and non-party Avor Navigation, Ltd. were parties to a charter agreement and that the charter was guaranteed by Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 11 of the complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the complaint.

13. Defendants admit that Geden Holdings owned a special purpose company that owned the motor tanker VALUE, but except as specifically admitted, deny the remaining allegations contained in Paragraph 13 of the complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the complaint.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the complaint.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the complaint.

17. Defendants admit that during the shipping crisis in 2013-2015 Geden Holdings disposed of most of its assets, generally by turning ships over to their mortgagees, but except as specifically admitted, deny the remaining allegations contained in Paragraph 17 of the complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the complaint.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the complaint.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the complaint.

26. Defendants deny the allegations in Paragraph 26 of the complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the complaint.

28. Defendants admit that Genel Denizcilik Nakliyati AS is the technical and commercial manager of the vessels, but except as specifically admitted, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 of the complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the complaint.

30. Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 29 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 30 of the complaint.

31. Defendants admit that the motor tanker VALUE was sold to Advantage Award, but except as specifically admitted, deny the remaining allegations contained in Paragraph 31 of the complaint.

32. Defendants admit that Ali Tugrul Tokgoz was the CEO of Geden Holdings and Mehmet Mat was the Chief Financial Officer of Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 32 of the complaint.

33. Defendants admit that Ali Tugrul Tokgoz was the CEO of Geden Holdings and Mehmet Mat was the Chief Financial Officer of Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 33 of the complaint.

34. Defendants admit that the tanker ADVANTAGE AWARD is under long-term time charter by Shell Western Supply & Trading, but except as specifically admitted, deny the remaining allegations contained in Paragraph 34 of the complaint.

35. Defendants admit that Genel Denizcilik Nakliyati AS is responsible for the technical and commercial management of the ADVANTAGE AWARD, but except as specifically admitted, deny the remaining allegations contained in Paragraph 35 of the complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the complaint.

43. Defendants admit that Gulsun Nazli Karamehmet Williams has an ownership interest in Advantage Tankers, but except as specifically admitted, deny the remaining allegations contained in Paragraph 43 of the complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the complaint.

47. Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 46 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 47 of the complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the complaint.

51. Defendants admit that the vessels are chartered by Shell Western Supply & Trading Ltd., but except as specifically admitted, deny the remaining allegations contained in Paragraph 51 of the complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the complaint.

53. Defendants admit that Gulsun Nazli Karamehmet Williams has an ownership interest in Advantage Tankers, but except as specifically admitted, deny the remaining allegations contained in Paragraph 53 of the complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the complaint.

55. Defendants admit that Geden Holdings is in receivership in Malta, but except as specifically admitted, deny the remaining allegations contained in Paragraph 55 of the complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the complaint.

60. Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 59 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 60 of the complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the complaint.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the complaint.

72. Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 71 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 72 of the complaint.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the complaint

74. Defendants deny the allegations contained in Paragraph 74 of the complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Lack of Personal Jurisdiction)

82. The complaint should be dismissed for lack of personal jurisdiction over the Defendants.

### SECOND DEFENSE
### (Statute of Limitations)

83. The complaint should be dismissed as time-barred.

### THIRD DEFENSE
### (Laches)

84. The complaint is barred by laches.

### FOURTH DEFENSE
### (Arbitration and Award)

85. The complaint is barred by arbitration and award, which does not name Advantage Tankers or Advantage Award.

### FIFTH DEFENSE
### (Estoppel)

86. The complaint should be dismissed due to estoppel.

### SIXTH DEFENSE
### (Failure to Join a Necessary Party)

87. The complaint should be dismissed for failure to join a necessary party.

### SEVENTH DEFENSE
### (Failure to State a Claim)

88. The complaint should be dismissed for failure to state a claim.

### EIGHTH DEFENSE
### (Waiver)

89. The complaint should be dismissed due to waiver.

### NINTH DEFENSE
### (Improper Venue)

90. The complaint should be dismissed for improper venue.

### TENTH DEFENSE
### (Insufficient Process)

91. The complaint should be dismissed for insufficient process.

### ELEVENTH DEFENSE
### (Insufficient Service of Process)

92. The complaint should be dismissed for insufficient service of process.

### TWELFTH DEFENSE
### (Res Judicata or Preclusion)

93. The complaint is barred by res judicata or preclusion.

**WHEREFORE**, Defendants respectfully requests that the Court:

A. Dismiss Plaintiff's claims in their entirety, or, in the alternative enter judgment in Defendants' favor and against Plaintiff;

B. Award Defendants their reasonable costs and fees, including attorney fees;

C. Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: April 16, 2020

/s/ Frank P. DeGiulio
Frank P. DeGiulio (PA 41577)
Daniel H. Wooster (PA 91180)
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
fpd@pbh.com
dwooster@pbh.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 16, 2020, the foregoing Answer was served via email upon counsel for Plaintiff as follows:

Mary Elisa Reeves, Esq.
reeves@lawofsea.com
Michael F. Schleigh, Esq.
mschleigh@lawofsea.com
REEVES McEWING LLP
1004 S. Front Street
Philadelphia PA 19147

/s/ Frank P. DeGiulio