UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC., §<br>   Plaintiff, §<br>v. §<br> §<br>GEDEN HOLDINGS LIMITED, §<br>ADVANTAGE TANKERS LLC; and §<br>ADVANTAGE AWARD SHIPPING LLC §<br>   Defendants. §<br> § | Civil Action No: 2:20-cv-01847-BMS |

## MOTION TO REMAND TO THE PHILADELPHIA
## COUNTY COURT OF COMMON PLEAS

**COMES NOW**, by and through undersigned counsel, Eclipse Liquidity, Inc. ("Plaintiff"), and files its Motion to Remand this action to the Philadelphia County Court of Common Pleas. In support thereof, Plaintiff avers as follows:

### I. INTRODUCTION

1. Defendants Geden Holdings Ltd. ("Geden"); Advantage Tankers, LLC ("Advantage Tankers"); and Advantage Award Shipping, LLC ("Advantage Award") (collectively referred to as "Defendants") removed this action from the Court of Common Pleas of Philadelphia County ("the state court") claiming this court had original jurisdiction over the action as " set forth in 28 U.S.C. § 1333(1)." Doc. 1, pp. 1-2.

2. The Defendants' Removal is erroneous because the suit filed in the state court does not state any claims against Defendants that might be within the District Court's 28 U.S.C. § 1333(1) admiralty jurisdiction. Moreover, Defendants are precluded by judicial estoppel and res judicata from now asserting admiralty jurisdiction. Lastly, even if the Court did have admiralty jurisdiction, which it does not, as addressed in Plaintiff's accompanying Memorandum of Law,

1

the action could not be removable under the "savings to suitors" clause, because the only basis for removal Defendants cite is under 28 U.S.C. § 1333(1).

3. The action removed from the state court is a suit for the enforcement of a non-admiralty court foreign judgment, over a non-maritime claim, for the underlying breach of a sale and purchase agreement of a vessel, which was recognized in Pennsylvania under the state's Uniform Foreign Money Judgment Recognition Act ("UFMJRA"). The state court judgment was upheld on appeal against the challenge of Defendant Geden by the Superior Court in *Eclipse Liquidity, Inc. v. Geden Holdings Ltd.*, 200 A.3d 507 (2018).

4. Specifically, the foreign money judgment in favor of Plaintiff stems from Avor Navigation, Ltd.'s ("Avor Navigation") breach of the vessel sale and purchase provision contained in a bareboat charter party between Plaintiff and Avor Navigation. In this regard, Plaintiff bareboat chartered its tanker vessel AVOR (the "Vessel") to Avor Navigation, a Maltese offshore entity. Defendant Geden, the parent company of Avor Navigation, was the performance guarantor under the bareboat charter party. The bareboat charter party was subject to London Maritime arbitration.

5. The bareboat charter contained a "rider" sale and purchase clause for the sale and purchase of the Vessel at the conclusion of the bareboat charter party. At the conclusion of the bareboat charter party term, Plaintiff exercised its right under the rider sale and purchase clause to require Avor Navigation to purchase the vessel. The parties submitted their dispute to arbitration in London.

6. Plaintiff prevailed against Avor Navigation in the arbitration and was awarded $3,882,154.90 (the "Award") for Avor Navigation's failure to purchase the Vessel in accordance

with the sale and purchase rider clause contained in the bareboat charter party. EXHIBIT[1] A, at pp. 124a-128a.

7. Though part of the Award was satisfied from attached assets, Avor Navigation failed to pay a remaining balance of $2,991,842.40 to Plaintiff. Accordingly, Plaintiff demanded payment of the Award by Defendant Geden as the performance guarantor of Avor Navigation. The guarantee was subject to the jurisdiction of the English High Court in London. EXHIBIT A at pp. 120a-123a.

8. Geden ignored Plaintiff's demands so Plaintiff brought suit against Geden in the High Court of London to enforce the guarantee. The English High Court ruled in favor of Plaintiff and entered judgment against Geden for $3,311,159.06. EXHIBIT A at p. 4a

9. Geden failed to satisfy the judgment of the English High Court and Plaintiff sought to recover against it wherever it might have assets and where the judgment may be recognized. Because Geden was registered as a foreign corporation in Pennsylvania and had appointed an agent for process in the State, Plaintiff applied to the state court for recognition of the English High Court judgment under the Pennsylvania Uniform Foreign Money Judgments Recognition Act. ("UFMJRA").  EXHIBIT A at pp. 1a -33a.

10. Geden challenged the recognition of the judgment by means of a Motion to Strike. *Id.* at pp. 34a-55a.  The Court of Common Pleas denied Geden's Motion. *Id.* at pp. 245a-247a. Accordingly, on March 2, 2018, Geden appealed to the Superior Court. *Id.* at pp. 248a-259a. Following submissions and oral arguments of Plaintiff and Geden, the Superior Court, on

---

[1] Citations to Exhibits are the exhibits authenticated by the Declaration of George A. Gaitas attached to Plaintiff's Memorandum of Law in Support.

December 7, 2018, issued its opinion affirming the judgment of the Court of Common Pleas that recognized the judgment of the High Court against Geden. EXHIBIT C. It should be noted that in challenging the recognition of the judgment, Geden did not once mention the words "admiralty jurisdiction." *Id.*

11.     Geden, failed to honor the judgment recognized by the Court of Common Pleas, and affirmed by the Superior Court.  In the course of pursuing enforcement of the judgment, Plaintiff learned Geden had worked out an elaborate, unlawful scheme whereby it sought to evade tens of millions of dollars in debt it owed to several creditors.  That scheme involved the creation of successor corporate entities in offshore jurisdictions, beneficially owned by the daughter and only child of Geden's sole beneficial owner, Turkish billionaire Mehmet Emin Karamehmet, to which all of the remaining trading assets of Geden were transferred. Advantage Tankers, LLC and Advantage Award, LLC were created in furtherance of that scheme.

12.     Plaintiff learned that one of these offshore successor corporations, Advantage Award, is also registered in Pennsylvania, where it has appointed an agent for service of process. Accordingly, Plaintiff filed in the Court of Common Pleas the civil action against Defendants, which Defendants removed to this Court. (Doc. 1).

## II.     REASONS WHY THIS CASE IS NOT REMOVABLE

13.     Plaintiff's judgment and subsequent recognition and enforcement action against Defendants is for money damages recovered against Geden for breach of its guarantee to pay Plaintiff the purchase price for the tanker AVOR.  Geden had guaranteed Avor Navigation's obligation to pay the purchase price under the bareboat charter sale and purchase agreement. It is long-standing U.S. admiralty jurisprudence that vessel sale and purchase agreements do not invoke

admiralty jurisdiction under 28 U.S.C. § 1333(1).  *See Atl. Lines, Ltd. v. Narwhal, Ltd.,* 514 F.2d 726, 731 (5th Cir. 1975).

14.     Plaintiff's non-maritime judgment against Defendant Geden was recognized under Pennsylvania state law pursuant to the Uniform Foreign Money Judgment Recognition Act ("UFMJRA"). Likewise, Plaintiff's suit to enforce the judgement falls under Pennsylvania's UFMJRA, which does not invoke the Court's admiralty jurisdiction under 28 U.S.C. § 1333(1).

15.     Defendants are precluded by judicial estoppel from asserting admiralty jurisdiction. As briefed in Plaintiff's Memorandum of Law, in the case of *Icon Amazing, L.L.C. v. Amazing Shipping, Ltd.*, 951 F. Supp. 2d 909 (S.D. Tex. 2013), a suit brought under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Defendant Geden (a party to the action), took the position that a bareboat charter with virtually identical sale and purchase provisions as those of the AVOR was not a maritime contract. In seeking to have the Rule B attachment dismissed, Geden argued that "<u>a vessel sale/finance arrangement including a bareboat charter with an obligation to purchase at the end of the term is a sale, not a charter.</u>" (emphasis added). EXHIBIT H, pp. 1-2. Geden prevailed and the court dismissed Icon Amazing's Rule B attachment for lack of subject matter jurisdiction.

16.     Defendant Geden litigated subject matter jurisdiction already in the state court and is now barred by *res judicata* from relitigating it. In its state court challenge to the recognition of the High Court judgment, Geden was well aware of the issue of subject matter jurisdiction under UFMJRA, which, if it was lacking, would have provided grounds for the state court to deny recognition.  Geden accepted that recognition of the High Court judgment was governed by UFMJRA, a state statute, enforceable in a state court, but did not make any objections in its Motion to Strike or in its appeal contesting the subject matter jurisdiction of the court that had issued the

judgment or the jurisdiction of the state court that recognized the judgment. *See Eclipse Liquidity, Inc. v. Geden Holdings Ltd.*, 200 A.3d 507, 513 (2018).

17. Because Advantage Tankers and Advantage Award have a relationship of privity with Defendant Geden under a successor corporation/fraudulent transferee theory, judicial estoppel and res judicata also bind and bar them from invoking the Court's admiralty jurisdiction under 28 U.S.C. § 1333(1).

18. Lastly, even if Plaintiff's claims in state court were within admiralty jurisdiction, which they are not, the state court proceeding may not be removed to federal court under the "savings to suitors" clause of 28 U.S.C. § 1333(1). The "savings to suitors" clause makes actions non-removable solely on the basis of admiralty jurisdiction. Absent diversity of citizenship, proper removal requires that the underlying state court complaint present a question of federal law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

### III.   CONCLUSION

19. For the reasons stated herein, as well as Plaintiff's Memorandum of Law and accompanying exhibits, this case must be remanded to the Philadelphia County Court of Common Pleas.

**WHEREFORE,** Plaintiff prays that this Court remand this action to the Philadelphia County Court of Common Pleas for further adjudication on the merits, and for such other and further relief as may be just and proper in the circumstances.

Dated: May 8, 2020                                        Respectfully submitted,
       Houston, Texas

                                                            GAITAS & CHALOS, P.C.

                                         By:   /s/George A. Gaitas
                                                    George A. Gaitas
                                                    *Admitted Pro Hac Vice*

>Federal Bar No. 705176
>Jonathan M. Chalos
>*Admitted Pro Hac Vice*
>Federal Bar No. 3008683
>1908 N. Memorial Way
>Houston, Texas 77007
>Telephone: 281-501-1800
>Fax: 832-962-8178
>E-mail:gaitas@gkclaw.com
>           chalos@gkclaw.com
>
>*Attorneys for Plaintiff*
>Eclipse Liquidity, Inc.

*Of Counsel:*

REEVES MCEWING, LLP

Michael F. Schleigh, Esq.
Mary Elisa Reeves, Esq.
1004 Front Street
Philadelphia, PA 19147
Telephone: 267-324-3773
E-mail:reeves@lawofsea.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2020, I electronically filed the foregoing Motion with the Clerk of the Court using the cm/ECF system, which will send notification of such filing to all attorneys of record at their email addresses on file with the Court.

>/s/George A. Gaitas
>George A. Gaitas