UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC., : | |
| : | |
| Plaintiff, : | Case No. 2:20-cv-1847-BMS |
| : | |
| vs. : | |
| : | |
| GEDEN HOLDINGS LTD.; : | |
| ADVANTAGE TANKERS LLC; and : | |
| ADVANTAGE AWARD SHIPPING LLC, : | |
| : | |
| Defendants. : | |

### RESPONSE IN OPPOSITION TO MOTION TO REMAND, AND CROSS-MOTION TO DISMISS

Defendants Geden Holdings Ltd. ("Geden Holdings"), Advantage Tankers LLC ("Advantage Tankers"), and Advantage Award Shipping LLC ("Advantage Award") (collectively "Defendants") file this response to Plaintiff's motion to remand, and hereby cross move to dismiss Plaintiff's Complaint in its entirety for lack of personal jurisdiction, or, alternatively on the grounds of claim preclusion with respect to the First and Second Causes of Action, and as time barred with respect to the third Cause of Action.

### RESPONSE TO MOTION TO REMAND

1.   Admitted.

2.   Denied.

3.   Denied as stated. The record in the state court and the opinion of the Superior Court each speak for themselves.

4.   Admitted that the foreign money judgment stems from an alleged breach by Avor Navigation, Ltd. ("Avor Navigation") of a bareboat charter party between Plaintiff and Avor

Navigation; that Plaintiff bareboat chartered its tanker vessel AVOR (the "Vessel") to Avor Navigation, a Maltese entity; that Defendant Geden was the performance guarantor under the bareboat charter party; and that the bareboat charter party was subject to London Maritime arbitration. The remaining contentions are denied.

5.  Denied as stated. The bareboat charter party and the arbitration award each speak for themselves.

6.  Denied as stated. The arbitration award speaks for itself.

7.  Denied as stated. The demand and the performance guarantee each speak for themselves.

8.  Denied as stated. The judgment speaks for itself.

9.  Denied as stated. Plaintiff's ex parte application for recognition speaks for itself.

10. Admitted, but the absence of the words "admiralty jurisdiction" in the state court proceedings is immaterial.

11. It is admitted only that the judgment has not been satisfied. The remaining contentions are denied.

12. It is admitted only that Plaintiff brought suit in the state court and that Defendants removed the suit to this Court. The remaining contentions are denied.

13. Denied as stated. The judgment speaks for itself. The remaining contentions are conclusions of law and are in any event denied.

14. Denied as stated. The recognition proceedings in the state court speak for themselves. The remaining contentions are conclusions of law and are in any event denied.

15. Denied. The briefing in the Texas case speaks for itself.

16. Denied as stated. The recognition proceedings in the state court speak for themselves. The remaining contentions are conclusions of law and are in any event denied.

17. Denied.

18. Denied.

19. Denied.

WHEREFORE, for the reasons set forth in the accompanying memorandum of law, Plaintiff's motion to remand should be denied and Plaintiff's cross-motion to dismiss should be granted.

Respectfully submitted,

Date: May 22, 2020

/s/ Frank P. DeGiulio
Frank P. DeGiulio (PA 41577)
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
fpd@pbh.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 22, 2020, Defendants' Response in Opposition to Plaintiff's Motion to Remand and Cross-Motion to Dismiss, together with Memorandum of Law, Exhibits, and proposed Order, was filed via the Court's ECF system, which automatically will send notification of such filing to Plaintiff's counsel of record as follows:

Michael F. Schleigh, Esq.
mschleigh@lawofsea.com

George A. Gaitas, Esq.
gaitas@gkclaw.com

Jonathan M. Chalos, Esq.
chalos@gkclaw.com


/s/ Frank P. DeGiulio